Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Abraham  Flemming, Jr** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | 21-02335 | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

# District of South Carolina
## Chapter 13 Plan

5/19

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$2,025.00**  per **Month** for **58** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor  **Abraham Flemming, Jr**                             Case number

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3:   Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1   Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- ☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

   *Insert additional claims as needed*

- ☐ **3.1(e) Other.**  A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

   *Insert additional claims as needed*

**3.2   Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

Debtor    **Abraham Flemming, Jr**    Case number

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑   The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| ED DIXON FURNITURE | $472.00 | Furniture | $250.00 | $0.00 | $250.00 | 5.25% | $5.00 (or more) |

*Insert additional claims as needed.*

**3.3   Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐   **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑   The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| ACCEPTANCE NOW | Household Goods | $3,572.00 | 5.25% | $70.00 |

Debtor   **Abraham Flemming, Jr**                                    Case number

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| Bailey's Auto & Truck | 2006 Chevrolet Silverado | $6,370.00 | 5.25% | $125.00 |
| | | | | (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| CM Motors, Inc | 2007 Infiniti QX56 | $8,000.00 | 5.25% | $157.00 |
| | | | | (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐   **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*

☑   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| WORLD FINANCE CO #90 Household Goods | $1,315.00 | $325.00 | 2,500.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,500.00 | $0.00 | 100% |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| WORLD FINANCE CORPORATION Household Goods | $325.00 | $1,315.00 | 2,500.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,500.00 | $0.00 | 100% |

Debtor   **Abraham Flemming, Jr**                                              Case number

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

  ☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

  a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

  b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

  ☐   **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

Debtor     **Abraham Flemming, Jr**                          Case number

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

    *Check one.*
    [✓] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**   **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

[✓] The debtor estimates payments of less than 100% of claims.
[ ] The debtor proposes payment of 100% of claims.
[ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

    [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

    [✓] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Insert additional claims as needed.

---

**Part 7:**   **Vesting of Property of the Estate**

**7.1**    **Property of the estate will vest in the debtor as stated below:**
    *Check the applicable box:*

[✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

[ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective

Debtor **Abraham Flemming, Jr**     Case number _____

only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| RJTS Properties, LLC | 524 Medford Lane Florence, SC 29505 Florence County TMS#: 0154-01-172 | $860.58 Escrow for taxes: x Yes   No Escrow for insurance: x Yes   No | $30.00 Or more | $28,734.00 | $496.00 Or more (at 0% interest) |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee according to the requirements of the Operating Order of the Judge assigned to this case, on a pro rata basis as funds are available.**
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges unless otherwise ordered by the Court.

## Part 9: Signatures:

**9.1 Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X **/s/ Abraham Flemming, Jr**
**Abraham Flemming, Jr**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on **September 8, 2021**

Executed on _____

X **/s/ Eric S. Reed**
**Eric S. Reed 7242**
Signature of Attorney for debtor  DCID#

Date **September 8, 2021**

| Debtor | **Abraham Flemming, Jr** | Case number | |
|---|---|---|---|

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re  **Abraham Flemming, Jr**  
Debtor(s)

Case No.  **21-00022**  
Chapter  **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **September 8, 2021**, a copy of **Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**/s/ Eric S. Reed**  
**Eric S. Reed 7242**  
**Reed Law Firm, P.A.**  
**1807 W Evans Street**  
**Suite B**  
**Florence, SC 29501**  
**843-679-0077 Fax:843-679-0667**  
**ereed@reedlawsc.com**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 21-02335-dd<br>District of South Carolina<br>Columbia<br>Wed Sep  8 13:05:27 EDT 2021 | ACCEPTANCE NOW<br>ATTN: BANKRUPTCY<br>5501 HEADQUARTERS DRIVE<br>PLANO TX 75024-5837 | ATTORNEY GENERAL OF THE UNITED STATES<br>DEPT OF JUSTICE, ROOM 5111<br>10TH AND CONSTITUTION AVENUE, NW<br>Washington DC 20530-0001 |
| Bailey's Auto & Truck<br>110 Green Acres Road<br>Florence SC 29505-5208 | CAINE & WEINER<br>ATTN: BANKRUPTCY<br>5805 SEPULVEDA BLVD<br>SHERMAN OAKS CA 91411-2546 | CM Motors, Inc<br>3747 Austin Lane<br>Florence SC 29505-5200 |
| CUSTOM FIN<br>311 E Smith Street<br>Timmonsville SC 29161-1821 | ED DIXON FURNITURE<br>600 W. Darlington Street<br>Florence SC 29501-2416 | ENHANCED RECOVERY COMPANY<br>ATTN: BANKRUPTCY<br>8014 BAYBERRY ROAD<br>JACKSONVILLE FL 32256-7412 |
| (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>ATTN ROBERT ZAYAC<br>40 MARIETTA ST SUITE 300<br>ATLANTA GA 30303-2812 | FINANCIAL DATA SYSTEMS<br>ATTN: BANKRUPTCY<br>PO BOX 688<br>WRIGHTSVILLE BEACH NC 28480-0688 | FLORENCE COUNTY TREASURER<br>PO BOX 100501<br>Florence SC 29502-0501 |
| Abraham Flemming Jr.<br>524 Medford Lane<br>Florence, SC 29505-5719 | Graceland Rental<br>PO Box 1000, Dpt 162<br>Memphis TN 38148-0001 | IC SYSTEM, INC<br>ATTN: BANKRUPTCY<br>PO BOX 64378<br>ST. PAUL MN 55164-0378 |
| IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | La'Sandra Williams<br>2823 Blackcreek Road<br>Florence SC 29501 | Law Office of Alan L. Berry, Jr., LLC<br>Attn: Alan L. Berry, Jr.<br>PO Box 325<br>Latta SC 29565-0325 |
| MED DATA SYSTEMS<br>ATTN: BANKRUPTCY<br>2001 9TH AVE, STE 312<br>VERO BEACH FL 32960-6413 | MIRAMED REVENUE GROUP<br>ATTN: BANKRUPTCY<br>255 WEST MICHIGAN AVE<br>JACKSON MI 49201-2218 | ONEMAIN FINANCIAL<br>ATTN: BANKRUPTCY<br>PO BOX 3251<br>EVANSVILLE IN 47731-3251 |
| RJTS Properties, LLC<br>PO Box 148<br>Latta SC 29565-0148 | RSI EAST<br>ATTN: BANKRUPTCY<br>1325 GARNER LANE STE C<br>COLUMBIA SC 29210-8327 | Eric S Reed<br>Reed Law Firm, PA<br>220 Stoneridge Dr., Suite 301<br>Columbia, SC 29210-8018 |
| SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | Pamela Simmons-Beasley<br>250 Berryhill Road<br>Suite 402<br>Columbia, SC 29210-6466 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |
| US ATTORNEYS OFFICE<br>JOHN DOUGLAS BARNETT ESQ<br>1441 MAIN STREET SUITE 500<br>Columbia SC 29201-2897 | US Department of Veterans Afairs<br>PO Box 3978<br>Portland OR 97208-3978 | US Department of Veterans Affairs<br>PO Box 8079<br>Philadelphia PA 19101-8079 |

```
USDA                            WORLD FINANCE CO., #90          WORLD FINANCE CORPORATION
PO BOX 66827                    ATTN: BANKRUPTCY                PO BOX 6429
Saint Louis MO 63166-6827       PO BOX 6429                     GREENVILLE SC 29606-6429
                                GREENVILLE SC 29606-6429
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
FHA                             End of Label Matrix
451 7th Street SW               Mailable recipients    32
Washington DC 20410             Bypassed recipients     0
                                Total                  32
```